IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DENNIS MAYFIELD, #1788680 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv221 |
| UTMB PROVIDERS | § | |

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

Plaintiff Dennis Mayfield, an inmate confined within the Texas Department of Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Background**

Mayfield filed his civil rights complaint on February 24, 2017, complaining about events that occurred in 2008 and 2009. Specifically, he argued that he began experiencing terrible hip pain while housed at the Gurney Unit in July 2008, and subsequently saw a doctor in August 2008. At the medical visit, Mayfield explained that the provider advised him to "build" up his leg—despite the excruciating pain when standing or putting pressure on his leg—and did not provide him with X-rays, crutches, or medication. Mayfield highlighted how he saw a nurse in April 2009, who ordered blood work—which revealed bone fragments. He was then assigned a bottom bunk, given ambulatory aids, provided medication, and scheduled an appointment with UTMB Galveston. Ultimately, Mayfield received a hip replacement in June 2009.

1

After a review of the pleadings, the Magistrate Judge issued a Report, (Dkt. # 21), recommending that Mayfield's civil rights complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Specifically, the Magistrate Judge found that Mayfield's claims were barred by the statute of limitations—as he complained about events occurring in 2008 and 2009—and that he failed to state a claim upon which relief could be granted. Mayfield filed objections, (Dkt. # 25).

## II. Mayfield's Objections

In his objections, Mayfield first insists that he is entitled to be represented by a licensed certified attorney, who would be the only one to "maneuver around the time[-] bar statutes to prove this case." He then argues that he discovered, through medical evidence, that the Defendants' actions at the time of the injury is what caused his medical complications and "serious medical injury to date." Mayfield notes that he is scared and has permanent health issues due to the Defendants' negligence—as "the nurse" knew about his serious medical needs and failed to respond reasonably.

## III. Discussion and Analysis

While there is no federal statute of limitations for 42 U.S.C. § 1983 actions, the relevant statute of the forum state furnishes the limitations period and federal law determines the date the accrual commences. *Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for § 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418.

The Magistrate Judge properly found that Mayfield's complaint is barred by the statute of limitations. Mayfield's own words demonstrate that he began experiencing excruciating pain in

his hip sometime in July 2008. He describes how he saw a medical provider in August 2008, informing medical about his pain, explaining that he could not stand or apply pressure to his leg without pain, and without receiving ambulatory aids, medication, or X-rays. Mayfield explains how he subsequently saw a nurse in April 2009, who ordered bloodwork, and that he received a hip replacement thereafter in June 2009. Accordingly, the statute of limitations for his medical claims began in 2008 and 2009—and expired two years later, rendering this February 2017 complaint untimely by approximately eight years.

While Mayfield states that he has permanent health issues stemming from the Defendants' alleged conduct, he does not elaborate whatsoever. Moreover, he explicitly highlighted how the "defendants' actions at the time of the injury" are what caused his medical complication and medical injuries to date; given that he explained that he was injured in 2008 and 2009, the two-year statute of limitations period commenced at that time. Mayfield's' 2017 complaint about events occurring in 2008 and 2009 is barred by the statute of limitations—whether he is represented by an attorney or not. Accordingly, as the Magistrate Judge correctly found, Mayfield's civil rights lawsuit must be dismissed with prejudice. Therefore, it is

**ORDERED** that Plaintiff's objections, (Dkt. # 25), are overruled and the Report of the Magistrate Judge, (Dkt. # 21), is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** Plaintiff's civil rights complaint is **DISMISSED** with prejudice. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **August, 2018.**

_____
Ron Clark, Senior District Judge